IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARDAKAN RESTAURANT, LLC, | : | |
| *trading as* BOARDAKAN RESTAURANT | : | |
| PARTNERS, L.P., and OCEANENTAL | : | CIVIL ACTION |
| RESTAURANT, LLC, *trading as* | : | |
| OCEANENTAL PARTNERS, L.P., | : | NO. 11-5676 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ATLANTIC PIER ASSOCIATES, LLC, | : | |
| GORDON GROUP HOLDINGS, LLC, | : | |
| TAUBMAN CENTERS, INC., TAUBMAN | : | |
| COMPANY, LLC, TRG THE PIER, LLC, and | : | |
| TAUBMAN REALTY GROUP LIMITED | : | |
| PARTNERSHIP, | : | |
| | : | |
| Defendants. | : | |

**OPINION**

**Slomsky, J.**                                                    **August 27, 2012**

**I.      INTRODUCTION**

This case involves a dispute over a lease agreement.  It has a tangled history in state and

federal court involving two lawsuits filed by the parties against each other.  The first lawsuit was

filed over four years ago in June 2008.  The second was filed in September 2011.  Although the

history of these cases are relevant to the remand issue presently before the Court, for purposes of

this Introduction the pertinent action is the first one.  In that case, on September 9, 2011,

Defendants Taubman Company, LLC, Taubman Realty Group Limited Partnership, Taubman

Centers Inc., and TRG The Pier, LLC (collectively "Defendants") filed a Notice of Removal to

this Court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  (Doc. No.

1.)  As noted, this case was originally filed in state court in June 2008 by Plaintiffs Boardakan Restaurant, LLC and Oceanental Restaurant, LLC (collectively "Plaintiffs").  It was removed to this Court and then remanded back to state court by the late Honorable Louis H. Pollak, and subsequently removed again to this Court by Defendants.[1]  (Doc. No. 11.)

On September 19, 2011, Plaintiffs responded to the removal by filing an Amended Complaint (Doc. No. 13), and on September 23, 2011, by filing a Motion to Remand the case back to state court (Doc. No. 16).[2]  On October 12, 2011, pursuant to a stipulation of the parties, the Court ordered that briefing on two other motions filed by Defendants, a Motion to Dismiss the Amended Complaint and a Motion to Reconsider a State Court Ruling, be stayed pending resolution of the Motion to Remand.  (Doc. No. 29.)  The Motion to Remand is now ripe for disposition.  The critical issue set forth in the parties' briefs is whether and how to apply the requisite one-year period for removal under 28 U.S.C. § 1446.  For reasons that follow, the Court will deny the Motion to Remand.

---

[1]  The state court case filed by Plaintiffs had, for a time, been discontinued.  See infra Part II.

[2]  On October 6, 2011, Defendants Taubman Company, LLC, Taubman Realty Group Limited Partnership, Taubman Centers, Inc., and TRG The Pier, LLC filed a Response to Plaintiffs' Motion to Remand.  (Doc. No. 24.)  The Response was subsequently joined by Defendants Atlantic Pier Associates, LLC and Gordon Group Holdings, LLC.  (Doc. Nos. 25-26.)  On October 11, 2011, Plaintiffs filed an Omnibus Reply Brief in support of their Motion to Remand.  (Doc. No. 27.)  On October 14, 2011, Defendants Taubman Company, LLC, Taubman Realty Group Limited Partnership, Taubman Centers, Inc., and TRG The Pier, LLC filed a Sur-Reply.  (Doc. Nos. 32, 42.)

## II.      BACKGROUND

### A.      Origin of the Common Pleas Action

On June 25, 2008, Plaintiffs filed an action against Defendants Atlantic Pier Associates,

LLC, Gordon Group Holdings, LLC, Taubman Centers, Inc., and several John Does in the

Philadelphia Court of Common Pleas by filing a Praecipe to Issue a Writ of Summons.  (Doc.

No. 16 at 26-27.)  On July 23, 2008, Defendants removed the suit to this Court.  (See Boardakan

Rest. LLC v. Atl. Pier Assocs., LLC (Boardakan I), No. 08-3448 (E.D. Pa. July 23, 2008) (Doc.

No. 1.))  Plaintiffs subsequently moved to remand the case back to state court on the ground that

a writ of summons is not a removable pleading for purposes of 28 U.S.C. § 1446.  (Boardakan I,

No. 08-3448, Doc. No. 2.)  On September 25, 2008, the Court (Pollak, J.) granted the motion and

remanded the case to the Court of Common Pleas.  (Boardakan I, No. 08-3448, Doc. No. 15.)

Despite continuing to litigate over the proper forum, the parties agreed to commence

discovery while the case was pending in the Court of Common Pleas, even though no complaint

had been filed.  (Doc. No. 16-1 at ECF p. 7-9.)

### B.      Discontinuance of State Litigation in Favor of Federal Litigation

In September 2008, Plaintiffs in the Common Pleas action—Boardakan Restaurant

Partners and Oceanental Partners—were sued in federal court by their landlord, Atlantic Pier

Associates, for unpaid rent at the restaurants' premises in Atlantic City, New Jersey.  (See Atl.

Pier Assocs., LLC v. Boardakan Rest. Partners, L.P. (Boardakan II), No. 08-4564 (E.D. Pa.

Sept. 18, 2008), Doc. No. 1.)  This case involves a dispute over a lease agreement and is also

referred to as Boardakan II.  Plaintiffs sought to stay Boardakan II because it was duplicative of

the then pending Common Pleas action.  (Boardakan II, No. 08-4564, Doc. No. 4.)  On

January 16, 2009, the Honorable Eduardo C. Robreno of this Court stayed the landlord's action

for unpaid rent for 90 days "to allow the state court case to run its initial course." (Boardakan II,

No. 08-4564, Doc. No. 12.)

On April 16, 2009, Judge Robreno held a status conference in Boardakan II.  At the

conference, Plaintiffs' counsel advised the Court that he planned to dismiss the first case pending

in the Court of Common Pleas.  (See Boardakan II, No. 08-4564, Doc. No. 35 at 6:22, 7:22-

8:10.)  According to counsel, Plaintiffs determined after obtaining pre-complaint discovery in the

state action that the parties against whom they wished to proceed were completely diverse and

therefore Plaintiffs could proceed in federal court.  (See Boardakan II, No. 08-4564, Doc. No. 35

at 7:02-15.)  Counsel for Defendants stated that "it would be appropriate to consolidate the

cases" after Plaintiffs filed the new complaint in federal court.  (See Boardakan II, No. 08-4564,

Doc. No. 35 at 3:25-4:01.)

Later that same day, April 16, 2009, Plaintiffs filed a complaint in the Eastern District of

Pennsylvania alleging fraud by their landlord and other entities and individuals involved in the

development and leasing of the Atlantic City premises.[3]  (See Buddakan Rest. at the Pier in Atl.

City, NJ v. Atl. Pier Assocs., LLC (Boardakan III), No. 09-1619 (E.D. Pa. Apr. 16, 3009), Doc.

No. 1.)  The parties refer to this case as the "fraud" case, and to the second one, Boardakan II, as

the non-payment of rent case.

_____

[3]  Briefly stated, the fraud is described by Plaintiffs as follows: Plaintiffs had a lease with
Defendants for space for two restaurants.  Plaintiffs allege that, at a time when they were not
obliged to continue with their lease, they demanded from Defendants a list of other tenants with
binding leases.  According to Plaintiffs, Defendants made multiple representations that two other
restaurants had binding leases when in fact they knew those restaurants had terminated their
leases.  Plaintiffs argue that they were fraudulently induced by this representation to continue
with their own leases.  (Doc. No. 13 ¶¶ 5-13.)

On April 20, 2009, Plaintiffs filed a praecipe to discontinue the pending Common Pleas Court action without prejudice pursuant to Rule 229 of the Pennsylvania Rules of Civil Procedure. On May 4, 2009, the Common Pleas Court entered an Order discontinuing the action. (Doc. No. 24-4 at 11.)

### C.    Resurrection of State Litigation

On July 28, 2011, in the federal litigation—where both cases, <u>Boardakan II</u> and <u>Boardakan III</u>, were now consolidated as <u>Boardakan II</u>, No. 08-4564, before the late Honorable Louis H. Pollak—the Court dismissed Plaintiffs' fraud claim against their landlord on statute of limitations grounds. (<u>Boardakan II</u>, No. 08-4564, Doc. No. 139.)[4] The applicable statute of limitations for the fraud claim was two years under Pennsylvania law. (<u>Id.</u> at 10-11.) The two-year period began to run in January 2007, when Plaintiffs discovered the fraud. (<u>Id.</u> at 25.) The federal action for fraud, however, was not filed until April 2009. (<u>Id.</u>) It was thus time-barred. (<u>Id.</u>)

Plaintiffs then returned to the Court of Common Pleas. On August 4, 2011, Plaintiffs petitioned to "strike off" the discontinuance of the Common Pleas Court action, which had been dormant since May 2009, in order to "prevent manifest prejudice and injustice." (Doc. No. 17, Ex. 13 at ¶ 3.) On August 8, 2011, the state court issued a rule to show cause why the discontinuance should not be struck. (Doc. No. 1, Ex. A at ECF p. 16.) On August 18, 2011, the court held oral argument on the petition. (<u>Id.</u> at ECF p. 16-17.) In an order dated

---

[4] The consolidated cases were transferred to the docket of the Honorable Joel H. Slomsky on May 16, 2012. (Doc. No. 35.)

August 22, 2011, the court struck the discontinuance and reinstated the case.  (Id. at ECF p. 20.)

Plaintiffs then filed a complaint in the Court of Common Pleas action.  (Id. at ECF p. 24.)

> **D.     Return to Federal Court**

On September 9, 2011, Defendants removed the revived state court fraud action to this

Court.  (Doc. No. 1.)  Shortly thereafter, Defendants moved to dismiss the Complaint and for

reconsideration of the state court decision to strike the discontinuance of the action.  (Doc. Nos.

11, 12.)  As noted above, after Defendants moved to dismiss, Plaintiffs filed the Amended

Complaint.  (Doc. No. 13.)  On September 23, 2011, Plaintiffs moved to remand the case back to

state court, arguing that the removal was done in violation of the one-year deadline set forth in

28 U.S.C. § 1446.  (Doc. No. 16.)  As also previously noted, on October 12, 2011, pursuant to a

stipulation of the parties, the Court ordered that briefing on Defendants' pending motions to

dismiss and to reconsider be stayed pending resolution of Plaintiffs' Motion to Remand.  (Doc.

No. 29.)

## III.   LEGAL STANDARD

Under the version of 28 U.S.C. § 1446(b) pertinent to this case,[5] a defendant's ability to

remove a case has specified limitations.  Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days
> after the receipt by the defendant, through service or otherwise, of a copy of the
> initial pleading setting forth the claim for relief upon which such action or proceeding
> is based, or within thirty days after the service of summons upon the defendant if
> such initial pleading has then been filed in court and is not required to be served on
> the defendant, whichever period is shorter.

_____

[5]  Congress modified § 1446 in the Federal Courts Jurisdiction and Venue Clarification
Act of 2011, Pub. L. No. 112-63, § 103(b), 125 Stat. 758, 760-61.  The changes do not apply to
the current litigation.  The new version of § 1446 applies only to actions commenced on or after
January 6, 2012.  Id. at § 205, 125 Stat. at 764-65.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, **except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.**

28 U.S.C. § 1446(b) (emphasis added).[6]

It is axiomatic that § 1446 provides the means by which a party may remove to federal court a case filed in state court.  See, e.g., Delalla v. Hanover Ins., 660 F.3d 180 (3d Cir. 2011); Shadie v. Aventis Pasteur, Inc., 254 F. Supp. 2d 509 (M.D. Pa. 2003); Intercoastal Refining Co. v. Jalil, 487 F. Supp. 606 (S.D. Tex. 1980).  If a case was initiated in state court, but a federal court has subject matter jurisdiction over the action, a party may file a notice of removal and have the case transferred to federal court.  See Delalla, 660 F.3d at 184-85.  If the removal, however, does not comply with the provisions of § 1446, a district court may remand the case back to state court.  See id. at 183.

## V.    DISCUSSION

The main dispute between the parties is whether and how to apply the "except" clause in the second paragraph of § 1446(b), noted above, which imposes a one-year limitation on removal in a case involving diversity of citizenship jurisdiction.  Plaintiffs argue that the clause applies in this case and renders removal untimely.  Defendants argue that their removal was timely, because the removal clock did not run during the period when the state case was discontinued.  The Court

---

[6]  Section 1332, referred to in § 1446(b), confers federal subject matter jurisdiction on the basis of diversity of citizenship of the parties.

agrees with Defendants.  Since the removal clock on the state court case did not run while the case was discontinued, removal of the fraud case to this Court was timely.

Excluding the time during which the state court case was discontinued, 330 days in total have elapsed between commencement and removal of the suit.  The 330 days is calculated as follows: on June 25, 2008, the Common Pleas action was commenced by filing the Writ of Summons.  (Doc. No. 16, Ex. 1.)  On May 4, 2009, 312 days later, Plaintiffs discontinued the action.  (See Doc. No. 24, Ex. 3 at 11.)  On August 22, 2011, upon Plaintiff's motion, the Court of Common Pleas reinstated the action.  (Doc. No. 1, Ex. A.)  On September 9, 2011, 18 days later, Defendants filed a Notice of Removal.  (Doc. No. 1.)  When the period from June 25, 2008 to May 4, 2009 is combined with the period from August 22, 2011 to September 9, 2011, a total of 330 days have elapsed.

The time between the discontinuance and reinstatement of the action—from May 4, 2009 to August 22, 2011—does not apply to the one-year limitation period for removal under § 1446(b) for reasons discussed infra.  When the fraud action was reinstated by Plaintiffs in the state court on August 22, 2011, the one-year period to remove began to run again.  The Notice of Removal was filed on September 9, 2011.  By then, a total of 330 days had run on the one-year limitations period, which was within the one-year time period under § 1446(b).

Defendants rely on a Seventh Circuit case which held that for purposes of § 1446(b), the time during which a state suit was voluntarily dismissed is excluded.  Price v. Wyeth Holding Corp., 505 F.3d 624 (7th Cir. 2007).  In the Price case, the court reasoned that, under Indiana law, a dismissed case was a termination, and the removal clock could not run while no case actually existed.  505 F.3d at 625.

8

This analysis is consistent with Pennsylvania law.  Under Pennsylvania law, a discontinuance is the "exclusive method of voluntary termination of an action . . . by the plaintiff before commencement of the trial."  Pa. R. Civ. P. 229(a).  See Failor v. Westex Inc., 11 Pa. D. & C.4th 598, 599 (Ct. Com. Pl. 1991) (referring to discontinuance as dismissal).  A case that has been dismissed without prejudice "is treated for statute of limitations purposes as if it never existed."  See Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005).

This reasoning comports with common sense.  As the court in Price notes, a dismissed case cannot be removed.  505 F.3d at 630-31.  It would be illogical to run the removal clock when a case cannot be removed, because a defendant's removal window would be curtailed or eliminated outright.

It is also consistent with the purpose of § 1446(b).  The one-year limitation is intended to prevent removal from occurring after substantial progress is made in state court.  See H.R. Rep. No. 100-889, pt., 1, at 72, reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33; Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 615 (3d Cir. 2003) ("[T]he one-year time limit was intended to remedy the anomalous situation where a change in the parties late in the litigation allows a party to remove for the first time.").  No progress is made in state court while a suit is dismissed, so it does not contravene the statute's purpose to stay the removal clock during that hiatus.

Plaintiffs' attempt to distinguish Price is unconvincing.  Plaintiffs argue the holding in Price is an equitable exception based on the defendant's lack of notice.  (Doc. No. 27 at 19.)  In Price, the case was reinstated before the end of the original removal period.  The plaintiff, however, prevented the defendant from removing by deliberately failing to notify the defendant of the reinstatement of the action.  See Price, 505 F.3d at 627-28.  Here, Plaintiffs argue that,

9

because the defendant was unaware of the pending action, it was justifiable to apply the equitable exception in the Price case.  (Doc. No. 27 at 19.)  The court in Price, however, held that the clock could not run while the case was dismissed because the case did not exist during that time.  505 F.2d at 625.  While it is true the court was concerned about the plaintiff's misconduct in failing to give notice to defendant of the reinstatement, this concern was ancillary to the holding that timeliness of removal is statutorily based and that compliance with the limitations period is mandatory.

Finally, the Court is unpersuaded by Plaintiffs' reliance on Samii v. Allstate Ins. Co., No. 10-2408, 2010 WL 3221924, at *1 (E.D. Pa. Aug. 12, 2010), which held that the one-year clock continued to run even while the litigation was stayed in state court.  Samii is problematic for three reasons.  First, in that case, it appears that more than the one-year period elapsed before removal, even if the period of the stay was excluded from the calculation.  See id. (noting that "case was pending for nearly a year before being stayed and again for months after the related case had not been resolved").  Second, a stay is not the equivalent of a dismissal or discontinuance.  It is a mere postponement and can be challenged by a defendant.  See Ball v. SCI Muncy, No. 08-700, 2012 WL 2805019, at *1 (M.D. Pa. July 10, 2012) (analyzing defendant's challenge of a stay with a motion to reconsider).  As noted here, Plaintiffs voluntarily discontinued the state court case, which differs from the stay in Samii, because the discontinuance completely ended the litigation.  See supra Part II.  Third, even if one accepts that a stay and a discontinuance are analogous for these purposes, at least one other court has found that the one-year clock does not run while a state court suit is stayed.  See Cabibbo v. Einstein/Noah Bagel Partners, L.P., 181 F. Supp. 2d 428, 430 (E.D. Pa. 2002) (holding that a

one-year limitations period did not run while suit in state court was automatically stayed by bankruptcy proceedings).

## V.   CONCLUSION

Based upon the foregoing analysis, it is evident that Defendants removed the fraud action within the one-year period under 28 U.S.C. § 1446(b).  Consequently, the Motion to Remand (Doc. No. 16) will be denied.

An appropriate Order follows.